UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VANAJA KUMARI MALINENI,

    Petitioner,                                    Civil No. 2:12-cv-13453-VAR-MJH
                                                   HON. VICTORIA A. ROBERTS

v.

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES
DETROIT DISTRICT,

    Respondent :
_____/

## ORDER GRANTING MOTION TO DISMISS (Doc. # 7)

### I.    Introduction

This matter is before the Court on the United States Citizenship and Immigration Services Detroit District ("USCIS") motion to dismiss Vanaja Kumari Malineni's petition to amend her Certificate of Naturalization by changing her birth date. The grounds for dismissal are lack of subject matter jurisdiction and failure to state a claim under Rule 12(B)(1) and 12(B)(6) respectively.

The USCIS's motion is **GRANTED.**

### II.    Background and Procedural History

The facts of this case are not in dispute. Petitioner applied for naturalization by filing a form N-400 on May 18, 1998. On August 3, 1999 she had her date of birth on the form changed to September 20, 1949. Petitioner then became naturalized and signed her Oath Declaration, reaffirming a September 20, 1949 birth date.

1

In August of 2012, Petitioner filed this action against USCIS Detroit seeking an order from the Court compelling USCIS to issue a naturalization certificate reflecting, instead, a September 1, 1949 birth date. The petitioner alleges that this is her correct birth date and says that the mistake was due to her own inadvertent error. She has not petitioned the USCIS directly to amend her certificate.

On October 8, 2012 the Government filed a Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim.

### III.    Standard of Review

"Where subject matter jurisdiction is challenged pursuant to Rule 12(B)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Davis v. U.S.*, 499 F.3d 590, 594 (6th Cir. 2007). If the jurisdiction challenge is a facial attack on the complaint, then the Court must accept the allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *United States v. A.D. Roe Co., Inc.*, 186 F.3d 717, 721-22 (6th Cir. 1999).

Under Rule 12(b)(6), a complaint may be dismissed "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Davis H. Elliot Co. v. Caribbean Utilities Co.,* 513 F.2d 1176, 1182 (6th Cir.1975). The complaint must be construed in the light most favorable to plaintiff, and its well-pleaded facts must be accepted as true. *Westlake v. Lucas,* 537 F.2d 857, 858 (6th Cir.1976). However, the Court need not accept as true any legal conclusions or unwarranted factual inferences. *Id.* at 858.

IV. Analysis

### A. The Court Does Not Have Jurisdiction Under 8 C.F.R. § 334.16(b)

The Government contends that 8 C.F.R. § 334.16(b) does not confer jurisdiction to review Malineni's petition to amend her 1998 naturalization form because: (1) The 1990 Immigration Act ("IMMACT 90") transferred naturalization jurisdiction from the judiciary to the executive branch, leaving courts only with jurisdiction over pre-1990 court-issued naturalization documents; and (2) § 334.16 was repealed in November 2011 meaning the Court can no longer assert jurisdiction pursuant to it.

Malineni responds, stating that the Court can exercise jurisdiction over her petition under 8 C.F.R. § 334.16(b) because other courts have done so over post-1990, USCIS-issued certificates, and because the repeal of § 334.16(b) was not done for the purpose of stripping district courts of jurisdiction to review petitions to amend naturalization documents.

8 C.F.R. § 334.16(b) was a federal regulation that provided for District Court jurisdiction over petitions to amend errors in naturalization documents after an individual had been granted citizenship. Historically, Courts used the regulation to amend virtually all court-issued naturalization documents. *Lashkariani v. U.S. Citizenship and Immigrant Services*, 11-00733, 2012 WL 3615460 at *2 (D. Nev. Aug. 21, 2012). However, the 1990 Immigration Act transferred naturalization jurisdiction from the judicial to the executive branch of government. 8 U.S.C.A. § 1421 (West). As a result, the federal judiciary only retained jurisdiction under § 334.16(b) to review petitions to amend judicially-crafted naturalization documents issued before 1990. .*Lashkariani* at *2. Some district courts, nonetheless, continued reviewing petitions to amend post-1990

naturalization certificates issued by executive agencies. *Binh Quang Le v. U.S. Citizenship & Immigration Servs.,* No. C11–01871, 2011 WL 3678909, slip op. at 1 (N.D.Cal. Aug. 22, 2011) (petitioner naturalized in 1991); *Hussain v. U.S. Citizenship & Immigration Servs.,* 541 F.Supp.2d 1082, 1085 (D.Minn.2008) (petitioner naturalized in 1995); *Nguyen,* 2007 WL 2156649, at *3 (petitioner naturalized in 1990 after the Immigration Act took effect); *Lashkariani v. U.S. Citizenship and Immigrant Services*, 11-00733, 2012 WL 3615460 (D. Nev. Aug. 21, 2012) (petitioner naturalized in 2001).

IMMACT 90 clearly limits judicial review of petitions to amend naturalization documents to instances where the petitioner was naturalized prior to 1990. Examination of the statute itself shows an intention to confer the "the sole authority to naturalize persons as citizens of the United States . . . upon the [the executive branch]." 8 U.S.C.A. § 1421. Malineni proffers no controlling authority showing why this Court should disregard her 1998 naturalization; instead, she only offers decisions from district courts which are neither binding nor persuasive. Accordingly, this Court is not required to follow them.

Moreover, the facts of those cases can be distinguished from this one. An overwhelming majority of those petitions were ruled on prior to the November 2011 repeal of § 334.16. Even in *Lashkariani,* the one instance where a post-2011 petition to amend was reviewed under § 334.16, the court based its exercise of jurisdiction on the fact that the petitioner had filed before the effective date of repeal. *See Lashkariani v. U.S. Citizenship and Immigrant Services*, 11-00733, 2012 WL 3615460 (D. Nev. Aug. 21, 2012) (finding jurisdiction to amend petition in 2012 because the petitioner filed the request in October of 2011 which was one month before § 334.16's repeal). It is clear

that these decisions did not create jurisdiction over petitions to amend naturalization documents filed after 2011. Because Malineni filed her complaint on August 7, 2012, well after the repeal of § 334.16, the Court does not have jurisdiction.

### B. The Court Does Not Have Jurisdiction Under the Administrative Procedure Act

The Government argues that the Court lacks jurisdiction under the Administrative Procedure Act ("APA") because no waiver of sovereign immunity-- the prerequisite for a district court's exercise of jurisdiction under the APA--has taken place. Specifically, the Government says that Ms. Malineni was required to first petition the USCIS to correct her naturalization certificate, and her failure to do so means that there is nothing for this Court to review under the APA.

Ms. Malineni asserts that the Court's authority to exercise jurisdiction under the Administrative Procedure Act is not limited to judicial review of final agency action by the USCIS; instead, she says that the Court may issue a mandatory injunction to compel the USCIS to issue a corrected naturalization certificate under § 703 and § 704 of the APA.

The federal government enjoys sovereign immunity unless it expressly, clearly, and unambiguously waives it; and the terms of the waiver define a Court's jurisdiction to hear the suit. *United States v. Testan*, 424 U.S. 392, 399 (1976). In certain circumstances, the government waives its sovereign immunity under the Administrative Procedure Act ("APA"). *U.S. v. City of Detroit*, 329 F.3d 515, 521, (6th Cir. 2003). Section 702 of the APA waives the federal government's sovereign immunity in federal actions where the plaintiff seeks declaratory or injunctive relief. 5 U.S.C. § 702. This

waiver applies to judicial reviews of "final agency action[s]" that must be upheld unless the court finds that they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. §§ 702, 704, and 706(2)(A).

In determining whether it may exercise jurisdiction under the APA, courts have found a number of limitations on the APA's applicability as a basis for jurisdiction. The first limitation is seen in *Califano v. Sanders*, where the Supreme Court held that the APA does not afford federal courts an independent grant of subject matter jurisdiction. 430 U.S. 99, 97 (1977) (reasoning that the APA standing alone was insufficient to establish jurisdiction and that there was no evidence suggesting that Congress "conceived the act in jurisdictional terms"). Here, Malineni fails to illustrate a valid basis for jurisdiction other than the APA.

More importantly, the Supreme Court held that"[i]mmigration proceedings . . . are not governed by the APA" because "Congress intended [that] the provisions of the Immigration and Nationality Act (INA) [apply instead]. . . ." *Ardestani v. INS,* 502 U.S. 129, 133-34 (1991). The Sixth Circuit adopted this view. See *Hamdi ex rel. Hamdi v. Napolitano*, 620 F.3d 615,623-24 (6th Cir. 2010) (recognizing the Supreme Court's holding in *Ardestani*); *Robert v. Reno*, 25 Fed. Appx. 378, 381 (6th Cir. 2002) ("The APA simply does not govern immigration proceedings under the INA.")

It is undisputable that the petition before the Court, a petition to amend an immigration document, falls within the context of an immigration proceeding. Because the APA does not apply to immigration proceedings, the Court cannot provide the mandatory injunction that the Petitioner seeks.

Malineni also directs the Court's attention to two orders: <u>Boiko v. Eric Holder, et. al.,</u> No. 12-cv-2541-JLK-AP, Order, (D. Colo. Sept. 27, 2012) and <u>Sharma v. USCIS,</u> Order, No. CV 11-1984-PHX-FJM (D. Ariz. Sept 19, 2012). These orders are unavailing. First, Boiko is not binding. While there Judge Kane found that the APA was a basis for jurisdiction in a pure immigration matter, but this Court disagrees with that court's analysis and conclusion.  Second, the facts of *Sharma* do not apply here. In *Sharma*, the petitioner and the government stipulated to the amendment of the petitioner's naturalization certificate. The Government here has not stipulated to Malineni's relief and is opposed to the correction that Malineni seeks. *Sharma* does not apply.

**Conclusion**

The Court lacks subject matter jurisdiction over Malineni's petition. The Government's request to dismiss for lack of jurisdiction is **GRANTED.**

**IT IS ORDERED.**

      <u>/s/ Victoria A. Roberts</u>
Victoria A. Roberts
United States District Judge

Dated: 2/7/13

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on February 7, 2013.<br><br>S/Linda Vertriest<br>Deputy Clerk |